McHugh, J.
When faced with a motion to reduce a bond following an adverse tribunal finding and a proper certification of indigency, both of which are present here, the relevant question is
“essentially one of reasonableness, and looks to whether a [litigant] who is able to pay and was paying the expenses [herself], would consider the ‘document, service or object’ sufficiently important that [s]he would choose to obtain it in preparation for trial.” Commonwealth v. Lockley, 381 Mass. 156, 160 (1980). That is the standard to be employed under §60B.
*626 Perez v. Bay State Ambulance Co., 413 Mass. 670, 679 (1992).
Here, the Supreme Judicial Court found that the tribunal correctly ruled against the plaintiff because the tribunal record was insufficient to establish the existence of a doctor-patient relationship. There is no question, however, that Dr. Friedberg operated on the plaintiff. The question therefore is not whether such a relationship ever existed but whether the existing relationship was supplanted by a relationship with others immediately after the operation.
Nevertheless, in my view, a person who had funds to do so would not consider it reasonable to post a bond of $6,000 to pursue the claim against Dr. Friedberg. I reach that conclusion because reversal of the tribunal’s finding with respect to Drs. Pfeiffer and Seidman, two physicians with whom plaintiff did have a doctor-patient relationship and who clearly were involved in plaintiffs post-operative care, means that plaintiff will be able to pursue his claims against them and against the nurses who also were directly involved in his care. Under those circumstances, I am of the opinion that a reasonable person would not consider a claim against a doctor who had no actual involvement in post-operative care and with whom a doctor-patient relationship has not been established to be of sufficient importance to warrant posting a bond in the amount of $6,000.00.
The Motion to Reduce the Bond is therefore DENIED.